FILED

2011 JUN 15 AM 11:05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:11-CV-356-OC-32TEM

CURT GUYER,

    Plaintiff,

v.

ANDREU, PALMER & ANDREU, P.L.,
and PRECISION RECOVERY ANALYTICS, INC.,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, CURT GUYER ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Marion, and City of Summerfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ANDREU, PALMA & ANDREU, P.L.,("Defendant") or ("APA") is a professional association who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, APA, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, PRECISION RECOVERY ANALYTICS, INC. ("Precision") is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Precision is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than APA arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. APA uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Precision purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Precision acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Precision is thoroughly enmeshed in the debt collection business, and Precision is a significant participant in APA's debt collection process.

16. Defendant APA, itself and on behalf of Defendant Precision, and in connection with the collection of an alleged debt, sent initial written communications to Plaintiff dated August 27, 2010, in which Defendant stated, in relevant part as follows:

> "Unless you dispute the validity of this debt, or any portion thereof within 30 days of this notice, we will assume that the debt is valid. If you notify us in writing within the 30 day period, that the debt or any portion thereof, is disputed, we will mail you verification of the debt or a copy of a judgment, is one has been entered. Further, we will provide you with the name and address of the original creditor if it is different from the current creditor." (See August 27, 2010 Correspondence, attached hereto as Exhibit "A").

17. As such, Defendant has failed to meaningfully convey to Plaintiff the required notices.

18. Specifically, Defendant failed to clearly state that Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, upon Plaintiff's written request, and/or misled Plaintiff to believe that were Plaintiff to provide written notice of dispute to Defendant, that Defendant would be required to provide Plaintiff with the name and address of the original creditor, if different from the current creditor, where a proper notice would convey to Plaintiff that such information would be provided if specifically requested, and would not be required by operation of law in response to a written dispute of the amount of the alleged debt, or a portion thereof, by Plaintiff.

## COUNT I

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20. Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the notices required, either in the initial communication with Plaintiff, or in writing within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury

Respectfully submitted this 11th day of June, 2011.

Respectfully submitted,
**CURT GUYER**

By: *[signature]*
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**Exhibit "A"**

LAW OFFICES OF
# ANDREU, PALMA & ANDREU, PL
701 SW 27ᵀᴴ AVENUE
SUITE 900
MIAMI, FLORIDA 33135
TELEPHONE: (305) 631-0175
FACSIMILE: (305) 631-1816

August 27, 2010

CURTIS GUYER
11001 SE SUNSET HARBOR RD APT 24
SUMMERFIELD FL 34491

    RE:    Client: Precision Recovery Analytics, Inc.
            Debtor(s):    CURTIS GUYER
            File No.:      10-32148
            Total Amount Due:    $8,513.00

Dear Mr. GUYER:

Please be advised that your account with GE Money Bank has been transferred to Precision Recovery Analytics, Inc.. As the attorneys for the client listed above, we have been retained to collect this outstanding balance against you.

As of the date of this letter, you owe $8,513.00. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the date you pay may be greater. Hence, if you pay the full amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call at (305) 631-0175 or toll free at (877) 631-0174.

Unless you dispute the validity of this debt, or any portion thereof within 30 days of receipt of this notice, we will assume that the debt is valid. If you notify us in writing within the 30 day period, that the debt or any portion thereof, is disputed, we will mail you verification of the debt or a copy of a judgment, if one has been entered. Further, we will provide you with the name and address of the original creditor if it is different from the current creditor.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

Please understand that we are debt collectors and any information we obtain will be used for the purpose of collecting this debt. All payments are to be mailed to this office. Make your check payable to "Law Offices of Andreu, Palma & Andreu, PL Trust Account." Our file number should be included on all checks and correspondence to insure proper handling and credit of your account.

Very truly yours,

LAW OFFICES OF ANDREU, PALMA & ANDREU, PL

# PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Sherman Acquisition TA LP | LVNV Funding, LLC |
| Sherman Acquisition II Limited Partnership | Resurgent Capital Services L.P. | Ascent Card Services, LLC |
| Sherman Acquisition L.L.C. | Resurgent Capital Services PR LLC | Ascent Card Services II LLC |
| Ashley Funding Services LLC | Credit One Bank, N.A. | SFG REO, LLC |
| PYOD LLC | Tradd Street LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates and Third Parties**

**Sharing with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

01010101